IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| EDDIE GRIFFIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv–1714−SMY |
| COX | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Eddie Griffin, a former inmate, brings this action pursuant to 42 U.S.C. § 1983, for deprivations of his constitutional rights that allegedly occurred at Vienna Correctional Center. Specifically, Plaintiff alleges that he was subjected to cold temperatures in segregation, in violation of the Eighth Amendment. He seeks $20,000,000 in compensatory damages and Hepatitis C treatment.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] As Plaintiff has been released from prison, he is not entitled to any injunctive relief.

1

## The Complaint

Plaintiff originally brought suit in case No. 18-cv-0729-SMY. (Doc. 1). On September 12, 2018, the Court determined that Plaintiff had improperly joined unrelated claims in the same suit, and exercised its authority to sever Plaintiff's claims against Defendant Cox into this action. (Doc. 1).

Plaintiff makes the following allegations in the Complaint relevant to the claims proceeding in this action: Plaintiff was put in segregation on November 2, 2016 in building 19. (Doc. 2, p. 13). On November 13, 2016, Plaintiff filed a grievance addressed to Defendant Major Cox complaining that inmates were not allowed to have coats or long johns in segregation, and that the cold was so unbearable that he could not sleep. *Id*.

The Severance Order designates one claim for this action:

**Count 2:** Eighth Amendment conditions of confinement claim against Cox for subjecting Plaintiff to extremely cold temperatures in segregation.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in sub-freezing temperatures could constitute Eighth Amendment violation). The cold temperature need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

Plaintiff has articulated the bare outlines of a conditions of confinement claim against Cox; this is sufficient at the pleading stage. Accordingly, the Court will order service and Count 2 will be permitted to proceed.

## Disposition

**IT IS HEREBY ORDERED** that Count 2 shall proceed against Defendant Cox.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Cox: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This

information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/9/2018**

s/ STACI M. YANDLE
**U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. In order to give the defendants notice and an opportunity to respond, Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions. Motions filed before Defendants' counsel have filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed.