IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   18-cv-1714-RJD |
| ) | |
| MAJOR COX, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Major Cox's Motion for Show Cause Order or, in the Alternative, to Dismiss for Sanctions (Doc. 75).  For the reasons set forth below, the Motion is **GRANTED** as to Defendant's request to dismiss.

**Background**

Plaintiff Eddie Griffin, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Vienna Correctional Center ("Vienna"). Plaintiff is proceeding in this action on an Eighth Amendment conditions of confinement claim against Major Cox for subjecting Plaintiff to extremely cold temperatures while he was in segregation.

The progression of this case has been met with significant delays.  On October 30, 2019, the first of many show cause orders was entered by the Court (*see* Doc. 40).  Plaintiff was ordered to show cause as to why he failed to appear for a motion hearing.  Plaintiff failed to respond to this order, but out of an abundance of caution, the Court extended the time for Plaintiff to respond and

indicate his interest in continuing to litigate this case (Doc. 50).  On January 6, 2020, the Court noted Plaintiff had failed to adequately respond to its show cause orders, but noted Plaintiff had continued to file documents in this case (Doc. 64).  As such, the undersigned ordered Plaintiff to indicate his interest in continuing to pursue this litigation by January 24, 2020.  The Court deemed its show cause orders satisfied on February 13, 2020 (*see* Doc. 71), but noted Plaintiff had failed to specifically indicate his interest in continuing to litigate this matter.  The Court also ordered Plaintiff to respond to Defendant's interrogatories and requests for production of documents by March 5, 2020.  Plaintiff was warned that his failure to comply with the order may result in the imposition of sanctions, including dismissal of this matter.

On March 11, 2020, Defendant notified the Court that Plaintiff had not served any discovery responses in accordance with the Court's order.  Shortly thereafter, Defendant filed the motion now before the Court.  In his motion, Defendant Cox explains that he has not received any written discovery responses from and asserts he is unable to move for summary judgment without responses to written discovery and Plaintiff's deposition.  Defendant asserts he is unfairly disadvantaged and prejudiced by Plaintiff's failure to cooperate and follow the Court's orders.  Defendant asks that the Court order Plaintiff to show cause or dismiss the complaint as a sanction for Plaintiff's failure to follow this Court's orders and provide timely discovery responses.

The undersigned took Defendant's motion under advisement on June 17, 2020 (Doc. 77).  The Court again ordered Plaintiff to respond to Defendant's written discovery requests by July 8, 2020, and warned Plaintiff that his failure to do so would result in dismissal of this lawsuit.  On August 4, 2020, Defendant notified the Court that no responses had been received (Doc. 79).  There has been no indication or filing by Plaintiff to the contrary.

**Discussion**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders.  Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted).  Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed.  *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)).  Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion.  *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.  *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b).  Plaintiff has failed to respond to Defendant's written discovery requests served in December 2019, despite being ordered to do so on two occasions.  Plaintiff has also failed to adequately respond to numerous show cause orders, despite being warned that his failure to do so may result in the imposition of sanctions, including dismissal of this lawsuit.  While the Court notes there may be lesser sanctions available, they

would be unavailing as Plaintiff has clearly lost interest in litigating this case.  The Court is not inclined to expend significant resources, and require Defendant to do the same, if Plaintiff is not demonstrating diligence in pursuing this case.  For these reasons, Defendant Major Cox's Motion for Show Cause Order or, in the Alternative, to Dismiss for Sanctions (Doc. 75) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 10, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**